UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MILTON MUSA PACHECO,

Plaintiff,

v.

9:06-CV-0020
(GTS/GHL)

CURTIS DROWN; DONALD SELSKY;
JOHN MITCHELL; FOCUNIER;[1]
MARIO DE ACEVEDO; LESTER N. WRIGHT;
ROBERT HENTSCHEL; MARSHALL TRABOUT;
and JOHN and JANE DOES,

Defendants.

---

APPEARANCES: OF COUNSEL:

MILTON MUSA PACHECO, 79-B-0064
Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ANDREW M. CUOMO
Attorney General for the State of New York
Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

ROGER W. KINSEY, ESQ.
Assistant Attorney General

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court in this *pro se* prisoner civil rights action filed by Milton Musa Pacheco ("Plaintiff") against eight named employees of the New York State Department of

---

[1] Defendants note that the correct name and spelling of this Defendant's name is "Brad Fournia." (Dkt. No. 28, *Acknowledgment of Service*, at 2.) As a result, the Court will refer to him as such.

Correctional Services ("Defendants") are (1) Defendants' motion for summary judgment (Dkt. No. 68), (2) United States Magistrate Judge George H. Lowe's Report-Recommendation recommending that Defendants' motion be granted in part and denied in part (Dkt. No. 84), (3) Defendants' Objections to the Report-Recommendation (Dkt. No. 85), and (4) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 87). For the following reasons, the parties' Objections are rejected; the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted in part and denied in part; and Plaintiff's Amended Complaint is dismissed in part.

## I. BACKGROUND

### A. Plaintiff's Amended Complaint

On May 15, 2006, Plaintiff filed his Amended Complaint in this action. (Dkt. No. 5.)

Construed with the utmost of liberality, Plaintiff's Amended Complaint alleges that, between approximately October 2002 and April 2003, while he was incarcerated at Clinton Correctional Facility in Dannemora, New York, the above-captioned Defendants violated his rights in the following manner: (1) by retaliating against him in violation of the First Amendment; (2) by being deliberately indifferent to his serious medical needs in violation of the Eighth Amendment; (3) by being deliberately indifferent to his conditions of confinement in violation of the Eighth Amendment; and (4) by denying him due process in violation of the Fourteenth Amendment. (*Id*.)

More specifically, Plaintiff alleges as follows: (1) Defendants Mitchell and Fournia retaliated against him by falsely accusing him of forging a medical pass; (2) Defendant Drown violated his right to due process by conducting a flawed and unfair disciplinary hearing; (3)

Defendants subjected him to unsafe and unhealthy living conditions in violation of the Eighth Amendment; and (4) Defendants De Azevedo, Hentschel, and Trabout violated his Eighth Amendment rights by cancelling his March 2003 follow-up appointment with Dr. Rubinovich. (*Id.*) For a more detailed recitation of Plaintiff's factual allegations, the Court refers the reader to the Amended Complaint in its entirety, and Magistrate Judge Lowe's Report-Recommendation. (Dkt. Nos. 5, 84.)

**B. Defendants' Motion for Summary Judgment and Plaintiff's Response**

On May 12, 2008, Defendants filed a motion for summary judgment. (Dkt. No. 68, Attachment 7.) In their motion, Defendants argue that Plaintiff's Amended Complaint should be dismissed for the following reasons, among others: (1) the issuance of the misbehavior report and Plaintiff's disciplinary confinement do not violate federally protected rights; (2) Plaintiff failed to alleged facts plausibly suggesting, and/or adduce admissible record evidence establishing, various claims (including claims regarding the issuance of a misbehavior report, the failure to follow a DOCS directive, the experience of a hardship while in SHU, the denial of certain process at a disciplinary hearing, the conditions of his confinement, and the medical treatment he received); (3) Plaintiff failed to exhaust his available administrative remedies; (4) Plaintiff failed to establish the personal involvement of Defendants Wright, Hentschel, Trabout and DeAzevedo in the constitutional violations alleged; (5) Defendants are protected from liability by the doctrine of qualified immunity as a matter of law; (6) Plaintiff is unable to recover monetary damages under the Prison Litigation Reform Act of 1997, because he has failed to introduce any evidence of physical injury; and (7) Plaintiff's claims against Defendants in their official capacity are barred by the Eleventh Amendment. (Dkt. No. 68, Attachment 7, at 3-28.)

On August 5, 2008, Plaintiff submitted both a response and a memorandum of law in opposition to Defendants' motion for summary judgment. (Dkt. Nos. 76, 77.) In his response, Plaintiff argues as follows: (1) he had no reason or necessity to forge a medical pass because he already possessed a medical pass (Dkt. No. 76, at 3-4); (2) Defendants Mitchell and Fournia accused him of forging a medical pass, and subsequently issued him a misbehavior report, to retaliate against him for filing formal grievances (*id*. at 4-9); (3) he was denied due process at the grievance hearing (*id*. at 12-13); (4) he was denied his protected liberty interest when he was issued ninety (90) days confinement in the Special Housing Unit ("SHU") (*id*. at 14-17); and (5) he was denied medical appointments, showers, outside exercise, food trays on various occasions while confined to the SHU (*id*. at 19).

In his memorandum of law, Plaintiff argues as follows: (1) Defendants retaliated against him by issuing him a false misbehavior report; (2) he has stated a claim upon which relief can be granted; (3) the Eleventh Amendment does not bar the recovery of injunctive or declaratory relief against Defendants in their official capacities; (4) he may recover monetary damages with or without a showing of physical injury; (5) Defendants are not entitled to qualified immunity; (6) he has exhausted his administrative remedies; (7) Defendants are not entitled to summary judgment because they failed to demonstrate that no triable issues of fact remain; (8) his confinement in SHU for ninety (90) days was an atypical and significant hardship; and (9) all named Defendants were personally involved in the violations. (Dkt. No. 77 at 10-45.)

**C. Magistrate Judge Lowe's Report-Recommendation**

On September 2, 2009, Magistrate Judge Lowe issued a Report-Recommendation recommending as follows: (1) that all of Plaintiff's claims against the John and Jane Doe

Defendants be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m); (2) that all of Plaintiff's claims against the named Defendants in their official capacities be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and the Eleventh Amendment; (3) that all of Plaintiff's claims against Defendants Drown, Selsky, DeAcevedo, Wright, Hentschel, and Trabout in their individual capacities be dismissed with prejudice pursuant to Fed. R. Civ. P. 56; and (4) that Plaintiff's sold remaining claim in this action–i.e., his retaliation claim against Defendants Mitchell and Fournia in their individual capacities–*not* be dismissed pursuant to Fed. R. Civ. P. 56 due to the existence of genuine issues of material fact regarding those claims. (Dkt. No. 84.)

**D. The Parties' Objections**

On September 10, 2009, Defendants timely filed their Objections to the Report-Recommendation. (Dkt. No. 85.) In their Objections, Defendants argue that Magistrate Judge Lowe erred in his recommendation that Plaintiff's retaliation claim against Defendants Mitchell and Fournia survive summary judgment. More specifically, Defendants argue that, because Plaintiff's conviction was not favorably terminated, Plaintiff's retaliation claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), and its progeny. (Dkt. No. 85, at 1-3.)

On October 21, 2009, after being granted an extension of time by the Court, Plaintiff timely filed his Objections to the Report-Recommendation. (Dkt. No. 87.) In his Objections, Plaintiff asserts, *inter alia*, the following arguments: (1) Defendants did not meet their burden of demonstrating that no issue of material fact exists with regard to the claims that Magistrate Judge Lowe recommended be dismissed; (2) Magistrate Judge Lowe abused his discretion by weighing disputed issues of material fact; (3) a genuine issue of material fact exists regarding his due process claim; (4) his Eighth Amendment conditions of confinement claim against Defendants

Wright, Acevedo, Hentschel, and Trabout should not be dismissed because he has introduced sufficient evidence to raise a genuine issue of material fact regarding this claim; and (5) his Eighth Amendment conditions of confinement claim against Defendants Selsky, Drown, Mitchell, and Fournia should not be dismissed because he has introduced evidence that these Defendants were personally involved in the violation. (Dkt. No. 87.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review of Magistrate Judge Lowe's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection

---

[2] On de novo review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[3] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."),

to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Motion for Summary Judgment

Magistrate Judge Lowe correctly recited the legal standard governing a motion for summary judgment. (Dkt. No. 84, at 9-10.) As a result, this standards is incorporated by reference in this Decision and Order.

## III. ANALYSIS

After carefully reviewing all of the papers herein, including Magistrate Judge Lowe's thorough Report-Recommendation, the Court can find no error (clear or otherwise) in the Report-Recommendation. Magistrate Judge Lowe employed the proper standards to Plaintiff's claims, accurately recited the facts surrounding these claims, and reasonably applied the law to those facts. The Court would only add the following observation.

The Court disagrees with Defendants' interpretation of the relevant case law. In *Heck. v. Humphrey*, the Supreme Court prohibited a prisoner from bringing an action, pursuant to 42 U.S.C. §1983, when the success of the claim(s) in that action would imply the invalidity of the prisoner's disciplinary conviction, and there has been no invalidation of his disciplinary conviction. *Heck. v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Edwards v. Balisok*, the

---

aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

Supreme Court extended the scope of *Heck*, holding that the "favorable termination" rule applies to prisoners challenging prison disciplinary proceedings that resulted in a loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). However, in reaching its conclusion, the Supreme Court "did not address whether the prisoner [subject to mixed sanctions] could proceed separately with his § 1983 claim as to those portions of his sentence which affected only the conditions of his confinement." *Jenkins v. Haubert*, 179 F.3d 19, 25 (2d Cir. 1999) (citing *Edwards*, 520 U.S. at 648). However, in *Jenkins v. Haubert*, the Second Circuit obliquely addressed the issue, holding that "*Heck* does not preclude a § 1983 claim aimed at sanctions that did not affect length of confinement." *Peralta v. Vasquez*, 467 F.3d 98 (2d Cir. 2006) (citing *Jenkins*, 179 F.3d at 21).

Finally, in *Peralta v. Vasquez*, the Second Circuit squarely addressed the remaining unsettled issue: "[w]hether a prisoner who was subject to a single disciplinary proceeding that gave rise to sanctions that affect both (a) the duration of his imprisonment and (b) the conditions of his confinement may, without satisfying the favorable termination requirement, maintain a § 1983 action aimed solely at the latter sanctions . . . ." *Peralta*, 467 F.3d at 104. In doing so, the Second Circuit held "that a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement." *Id*. "In other words, the prisoner must abandon, not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in his current § 1983 suit." *Id*; *see also McEachin v. Selsky*, 225 F.

App'x. 36, 37-38 (2d Cir. May 31, 2007) (vacating the lower court's dismissal of plaintiff's due process and retaliation claims arising from the alleged filing of a retaliatory misbehavior report, and plaintiff's subsequent disciplinary conviction based on that report because, although the report resulted in plaintiff undergoing disciplinary charges, which were not invalidated, these are "mixed sanctions" claims, and therefore "the district court must provide [plaintiff] with the waiver option").

Here, as in *McEachin*, Plaintiff's retaliation claim is a mixed-sanction claim. Moreover, Plaintiff has agreed to forever abandon any and all claims he has with respect to the sanctions that affect the length of his imprisonment. More specifically, in a submission to the Court dated October 2, 2006, Plaintiff stated that "[he] is not seeking restoration of any good time credits, nor is he asserting any [claim for] damages . . . that attacks the fact or length of his confinement due to good time credits." (Dkt. No. 9 at 3.) Plaintiff further stated that, due to the fact that he is serving a sentence of 25 years to life, "he is not [even] entitled to receive any form of 'good time credit,'" and thus the challenged disciplinary proceeding could not have resulted in a loss of any good time credits. (*Id*. at 3-4.) Therefore, Plaintiff stated, he is not attempting to "split" his claims, and is challenging only the validity of those sanctions imposed that do not affect the overall length of his confinement. (*Id*. at 4-5.)

The Court notes that, on December 21, 2006, District Judge Lawrence E. Kahn issued a Decision and Order in this action expressing acknowledging that Plaintiff has "agree[d] to forever abandon any and all claims he has with respect to the sanctions that affected the length of his imprisonment." (Dkt. No. 12, at 3-4 [citing *Peralta*, 467 F.3d at 100].)

For all these reasons, and for the reasons stated by Magistrate Judge Lowe in his Report-Recommendation, Defendants' motion for summary judgment regarding Plaintiff's retaliation claim is denied.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 84) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 68) is **GRANTED in part and DENIED in part** as follows:

(1) all of Plaintiff's claims against the John and Jane Doe Defendants are **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m);

(2) all of Plaintiff's claims against the named Defendants in their official capacities are **DISMISSED with prejudice** pursuant to pursuant to Fed. R. Civ. P. 12(h)(3) and the Eleventh Amendment; and

(3) all of Plaintiff's claims against Defendants Drown, Selsky, DeAcevedo, Wright, Hentschel, and Trabout in their individual capacities are **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 56;

(4) Plaintiff's sole remaining claim in this action–i.e., his retaliation claim against Defendants Mitchell and Fournia in their individual capacities–**survives** Defendants' motion for summary judgment.

Dated: January 11, 2010
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge